## Margaret Hughes *v.* The President, Managers and Company of the Delaware & Hudson Canal Co., Appellant.

*Evidence—Contradiction of witness—Written statement of an accident.*

Where a witness testified as to the manner in which an accident occurred, a written statement previously signed by him is admissible in evidence to contradict his oral testimony, and its rejection is not cured by permitting the witness who reduced it to writing to give the exact language of the statement to the jury.

*Evidence—Damages for death of husband—Widow's right by way of substitution—Statement by the deceased.*

In an action against a railroad company for damages for trespass in causing the death of the plaintiff's husband, a written statement by him while in the hospital suffering from the injuries received in the accident from which injuries he subsequently died, giving an account of the accident, should be received in evidence. The original right of action was in him and plaintiff's rights are but in succession or substitution for his. Bradford City v. Downes, 126 Pa. 622, distinguished, and its soundness doubted.

*Railroads—Contributory negligence—" Stop, look and listen"—Province of court and jury.*

The questions of the proper place to " stop, look and listen," and the action of the party in regard to it, are usually for the jury, but there are exceptions where the inference from admitted facts is clear, and it becomes the duty of the court to declare the law as a result.

The evidence showed that the plaintiff's husband, for whose death damages were claimed, was driving in a buggy on a street which crossed a railroad, but when he reached the crossing he waited for a coal train on the north bound track to pass, and as soon as it got about twenty feet past, he drove slowly on the track, looking and listening, and was almost immediately struck by a train coming from an opposite direction on the other track, the view of which was cut off by the rear end of the passing train ; and it was clear beyond possible doubt that the coming train which struck him could have been seen and the accident escaped had he waited but a

single instant until the receding train had cleared the view: *Held*, that his contributory negligence was so unquestionable that the court should have pronounced upon it as a matter of law.

Argued Feb. 26, 1896.   Appeal, No. 4, Jan. T., 1896, by defendant, from judgment of C. P. Lackawanna Co., Sept. T., 1891, No. 763, on verdict for plaintiff.   Before STERRETT, C. J., WILLIAMS, GREEN, McCOLLUM and MITCHELL, JJ.   Reversed.

Trespass for killing plaintiff's husband.   Before SIMON-TON, P. J., of the 12th judicial district, specially presiding: Hughes v. Delaware & Hudson Canal Co., 4 District Reps. 574.

The plaintiff's husband, William J. Hughes, left his house in Hyde Park in company with David Y. Jones to go to Providence on the 31st of September, 1890, about 6 o'clock P. M. The two passed over to Scranton and drove westerly on Carbon street until they came to a grade crossing of double tracks of the Del. & Hud. Canal Co., running north and south.   The gates were up and no watchman was present.   The north bound track was the first one to be crossed by one traveling westerly. A row of buildings and a bank of earth back of them obstructed the view to the north, so that the south bound track was not visible for any distance in that direction until one arrived within thirteen feet of the outward rail of the north bound track which was twenty-seven feet from the center of the south bound track, upon which the accident happened, at which point a view could be had to the north six hundred and sixty-five feet; at twenty feet distance a view of one hundred and six feet; at thirty feet, a view of sixty-eight feet; at forty feet, a view of fifty-six feet and at fifty feet, a view of forty-nine and one half feet.   The view of the track going north was unobstructed from eight hundred to one thousand feet.

At the trial, David Y. Jones, called by the plaintiff, testified that when they came within thirty or forty feet of the crossing they saw a coal train from four hundred to six hundred feet below, towards Scranton.   They stopped, looked, listened and waited two or three minutes for the coal train to pass, and when it had passed they drove up to the north bound track. The train was then only twenty feet away, and the caboose obstructed the view of the south bound track.   They drove

upon the track and were met by a freight train going south on the south bound track and the accident occurred.

Defendant offered in evidence a written statement made by the witness, David Y. Jones, while in the hospital, some time after the accident, of which the following is a copy:

" I, David Y. Jones, was riding with William J. Hughes on Carbon street on the evening of September 3rd, 1890. When we reached the D. & H. crossing we were struck by a locomotive and both thrown out. The horse was killed and buggy was broken to pieces. Mr. Hughes was driving. We were going slow and did not stop, look and listen before we were struck and did not think any train was coming.

(Sig.)     " DAVID Y. JONES.

" Witness : I. L. SUTTO.
          " U. G. BULL."

When Martin Crippen, a witness for defendant, was on the stand, defendant offered to prove by him that on September 10, 1890, he called upon William J. Hughes, plaintiff's husband, at the hospital; that Mr. Hughes there made a statement to him which he put down in a small memorandum book; that he dictated this statement to W. H. Jessup, Jr., who reduced it to writing, and the witness thereupon took it back to the hospital and read it to Mr. Hughes, who thereupon stated that it was correct and signed it in his presence; which statement is as follows:

· " SCRANTON, Sept. 10, 1890.

" I, William J. Hughes was driving down Carbon street, in a westerly direction, on Sept. 3rd, 1890, about 6:45 o'clock in the evening in an open one-horse buggy. David Y. Jones was in the buggy with me. I was driving and we drove upon the Carbon street crossing. We were struck by a locomotive and both thrown out. The horse was killed and the buggy broken to pieces. We were driving along very easy and did not stop before we were struck, and we did not know there was any train coming.

(Signed)     " WILLIAM J. HUGHES.

" Witness : I. L. SUTTO. .
          " U. G. BULL."

This was offered for the purpose of showing the declaration of William J. Hughes, the decedent, for the injuries to whom, resulting in his death, this suit was brought, and to substantiate the proposition that decedent was guilty of contributory negligence, and that therefore the plaintiff cannot recover. The offer was objected to by counsel for plaintiff as incompetent. The court overruled the offer, saying, " We think this offer is incompetent. We do not understand that the present plaintiff is the successor in interest of the decedent. The ·action is an independent action given by the statute to the widow, and, therefore, we think it is not the admissions of a party, and that it is a mere declaration, not made under the sanction of an oath, and therefore incompetent."

Exception noted for defendant, at whose request a bill was sealed. [10]

The defendant's seventh point that upon the whole evidence the decedent was guilty of contributory negligence and the plaintiff was not entitled to recover, was reserved, and motion for judgment thereon for defendant non obstante veredicto was afterwards overruled.

Verdict for plaintiff for $9,499.50.    The defendant appealed.

*Errors assigned* among others were, (1) overruling motion for judgment for defendant non obstante veredicto ; (2) refusal of defendant's seventh point, quoting point and answer ; (9, 10) rulings on testimony, quoting the bills of exception.

*W. H. Jessup*, with him *Horace E. Hand* and *W. H. Jessup, Jr.,.* for appellant.—The stop was made when the view and sound of the approaching train was obstructed by the receding train, and it was the obvious duty of the deceased to either get out and go to the track where he could get a view to the north, or wait until the receding train had withdrawn sufficiently to give him a safe view to cross : Pa. R. R. v. Beale, 73 Pa. 509 ; Ellis v. R. R. Co., 138 Pa. 521; Whitman v. Pa. R. R. Co., 156 Pa. 175; Urias v. Pa. R. R. Co., 152 Pa. 326 ; Gangawer v. P. & R. R. Co., 168 Pa. 269; Kraus v. Railroad Co., 139 Pa. 272; Omslaer v. Traction Co., 168 Pa. 521 ; Beynon v. Pa. R. R. Co., 168 Pa. 642; Myers v. R. R. Co., 150 Pa. 386 ; Pa. R. R. Co. v. Mooney, 126 Pa. 244.

When the evidence is so preponderating that a verdict could not be sustained, the case should be withdrawn from the jury: Holden v. Pa. R. R. Co., 169 Pa. 1; Meade v. Conroe, 113 Pa. 220; Bank v. Tinker, 158 Pa. 17; Yingst v. Railway Co., 167 Pa. 438.

The verbal and written declarations of the plaintiff's husband were admissible: Aveson v. Lord Kinnard, 6 East, 188; Steele v. Thompson, 3 P. & W. 39; Stein v. R. W. Co., 10 Phila. 440; Lax v. Forty-Second & G. S. F. R. Co., 14 J. & S. (N. Y.) 448; 3 Rapalje & Mack's Dig. of R. W. Law, p. 855, pl. 240.

*Everett Warren,* with him *Henry A. Knapp,* for appellee.— Contributory negligence defined: Patterson on Railway Law, 48; Cooley on Torts, 674; Pierce on Railroads, 326; 4 Am. & Eng. Ency. of Law, 19; as to ordinary care, R. R. Co. v. Gallagher, 108 Pa. 524; R. R. Co. v. Kilgore, 32 Pa. 292; Schum v. Railroad, 107 Pa. 8.

A case should not be withdrawn from the jury unless the facts are such that all reasonable men must draw from them a conclusion of failure on the part of the decedent to comply with a fixed and unvariable standard of duty under the circumstances of the case: Gardner v. Michigan Central R. R. Co., 150 U. S. 361; R. R. v. Greiner, 113 Pa. 605; R. R. Co. v. Brandtmaier, 113 Pa. 610; Howett v. R. R., 166 Pa. 607; R. R. v. Jones, 128 Pa. 314; Coal Co. v. Lear, 8 Cent. Rep. 107 (1887); Davidson v. The Railroad, 171 Pa. 522; Railroad v. Killips, 88 Pa. 405; Railroad v. Garvey, 15 W. N. 498; Neiman v. Canal Co., 149 Pa. 92; Link v. Railroad, 165 Pa. 75; Railroad v. Frantz, 127 Pa. 297; Glushing v. Sharp, 96 N. Y. 676; Palmer v. Railroad, 112 N. Y. 234; Feeney v. Railroad, 116 N. Y. 375; Rodrian v. Railroad, 125 N. Y. 526; Oldenburg v. Railroad, 124 N. Y. 414; Kane v. Railroad, 132 N. Y. 160; Scaggs v. D. & H. C. Co., 74 Hun, 198; McGill v. Railroad, 152 Pa. 331; Smith v. Railroad, 158 Pa. 82. If a plaintiff has made a case for himself by his own testimony he cannot be nonsuited although another of his witnesses shows negligence: Ely v. Railroad, 158 Pa. 236; McNeal v. Railroad, 131 Pa. 184; Fisher v. Railroad, 131 Pa. 292; Groner v. Delaware & Hudson Canal Co., 153 Pa. 390; Grand Trunk Ry. Co. v. Ives, 144 U. S. 408; Bare v. Railroad, 135 Pa. 95; Kohler v. Railroad,

135 Pa. 346 ; McWilliams v. Keim et al., 22 W. N. 372 ; Keng v. Railroad, 160 Pa. 644 ; Arnold v. Railroad, 161 Pa. 1 ; Matthews v. Railroad, 161 Pa. 28 ; Pierce on Railroads, 318 ; Patterson on Railway Accident Law, 49.

There is no such rule as to weight of evidence as argued by appellant : Haverstick v. Railroad, 171 Pa. 106.

The declarations of Hughes were not admissible : Bliss on Life Insurance, 2d ed. sec. 371 ; Kelsey v. Ins. Co., 35 Conn. 225 ; Fraternal Mutual Life Ins. Co. v. Applegate, 7 Ohio, 292 ; Washington Life Ins. Co. v. Haney, 10 Kansas, 525 ; Stobart v. Dryden, 1 M. & W. 615 ; May on Insurance, 3d ed. sec. 579 ; Terwilliger v. Royal Arcanum, 49 Hun, 305 ; 2 Biddle on Insurance, 131 ; Cf. Insurance Co. v. Daly, 65 Ind. 6 ; Insurance Co. v. Cheever, 10 Ins. L. J. 104 ; Railroad v. Wright, 5 Am. & Eng. R. R. Cases, 628 ; Armil v. Railroad, 28 Am. & Eng. R. R. Cas. 467.

OPINION BY MR. JUSTICE MITCHELL, July 15, 1896 :

It is difficult to see upon what ground the declaration of Jones was excluded. He had testified at the trial as to the manner in which the accident occurred, and the defense offered to contradict him by a statement in writing signed by him while at the hospital. The witness who took down the statement was allowed to refresh his memory from it, and repeat what Jones had said, but the writing itself was excluded. This was clear error. If it had been a letter from Jones there could have been no question about its admissibility, and the only difference was that being in another hand and only signed by him, it would have gone to the jury with the necessary explanation of the circumstances under which it was made. The error was not cured by the witness having in effect got the exact language of the statement before the jury. One of the objections made to the paper was that Jones was at the time lying on a cot at the hospital with his head bandaged and in no condition to make a statement, and on this subject his signature alone was an important item of evidence. The defendant was entitled to have the paper itself put before the jury.

For the same reason it was also error to exclude the statement by Hughes, the plaintiff's husband. It should have gone to the jury in connection with the circumstances under which it

was made.    This was excluded also on the ground that it was not made by a party to the suit and was not therefore admissible against the plaintiff.    This however is no more tenable than the other.    At the time his statement was made the only right of action there was at all was in Hughes.    Plaintiff had no claim until he died, and then the foundation of her claim was the injury to him, for which he might have sued in his lifetime. If the defendant would not have been liable to him in the first instance it was not made liable to her by his death.    We are not aware of any case, certainly our attention has not been called to any, in which a widow has recovered for injuries to her husband where he could not have done so himself if he had survived.    And on principle it is perfectly clear that she never can do so, for the original right of action is in him and hers is but in succession or substitution for his, where he has not asserted it himself.    If he has done so his action survives, if he has not then by virtue of the statute she brings hers in its place but for the same cause : Birch v. Pittsburg etc. R. R. Co., 165 Pa. 339.

In this connection appellee cites the remarks in Bradford City v. Downs, 126 Pa. 622, as to the declarations of an infant who was injured not being admissible against the father in an action for loss of services unless they were part of the res gestæ. The cases might easily be distinguished on the ground that the father's action is in his own right and not derived through the infant.    A much closer analogy may be found in the declarations of a predecessor in title while in possession, which have always been held admissible : Weidman v. Kohr, 4 S. & R. 174. But the point in Bradford v. Downs was comparatively unimportant, and in Ogden v. R. R., 23 W. N. 191, the court distinctly declined to include it in the affirmance of the judgment. We entertain so strong a doubt of its soundness that we should be unwilling to extend the rule to the present case even if the analogy were closer than it is.

It is not worth while to discuss the minor assignments of error, or the evidence relative to the place where the deceased stopped to look and listen, because on the whole case his contributory negligence was so unquestionable that the court should have pronounced upon it as a matter of law.    The plaintiff's case as to the manner in which the accident occurred, rests on

the testimony of Jones who was in the wagon with deceased at the time.  Jones says that when they reached the crossing they waited for a coal train on the north bound track to pass, and as soon as it got about twenty feet past they drove slowly on the track, looking and listening, and were almost immediately struck by a train on the other track, the engine, he says, " was on our buggy without almost our knowing anything about it."  It is plain that the accident arose from that fruitful source of danger, fixing attention so exclusively on one track as to divert it from necessary care in regard to the other.  The questions of the proper place to stop, look and listen, and the action of the party in regard to it are usually for the jury, and have been so declared in a long line of cases cited by appellee, of which perhaps the closest to the present is Whitman v. R. R., 156 Pa. 175.  But there are exceptions where the inference from admitted facts is clear, and it becomes the duty of the court to declare the law as a result.  The element which distinguishes this case from those relied upon by appellee is the temporary nature of the obstruction to the view.  The deceased drove on the south bound track when the view of it was cut off by the rear end of the passing train on the other track, and was struck so immediately that it is beyond all possible doubt that the coming train which struck him could have been seen and the accident escaped had he waited but a single instant until the receding train on the north bound track had cleared the view. Under such circumstances it was held in Kraus v. R. R. Co., 139 Pa. 272, that a nonsuit was properly entered.  This case belongs to the same class, and the question having been reserved, judgment should have been entered non obstante veredicto for the defendant.

Judgment reversed, and judgment directed to be entered for the defendant on the point reserved.