## INDIAN TERRITORY ILLUMINATING OIL CO. v. JORDAN et al.

No. 20475. Opinion Filed Dec. 10, 1929.

Clayton B. Pierce, for petitioner.

Robert W. Maupin, for respondent.

RILEY, J. The State Industrial Commission found that on January 28, 1929, the claimant, Doyle Jordan, was in the employment of the Indian Territory Illuminating Oil Company and engaged in a hazardous occupation; that on said day a fight occurred between claimant, Jordan, and another employee of the respondent company and said fight arose over a wrench, for which wrench claimant had been sent by his foreman; that the fellow employee referred to was the aggressor in said fight; that prior to said fight an ill feeling existed between the participants arising out of matters not connected with claimant's employment; that during said fight claimant sustained an accidental personal injury; that said accidental injury occurred out of and in the course of claimant's employment with respondent herein.

The Commission amended its order by adding the following:

"That whether or not the claimant used the language ascribed to him or recommenced the fight is immaterial."

The claimant, Jordan, was found to have sustained a temporary total disability lasting from January 28, to February 7, 1929, and a serious and permanent disfigurement to his left ear. $10.39 was awarded for temporary total disability and $400 for said disfigurement.

On review by this court the petitioner contends that, for the injury to be compensable, it must arise out of the employment covered by the Workmen's Compensation Act, and further, that where a fight occurs between two employees because of reasons personal to either or both of them, an injury sustained in consequence thereof does not arise out of the employment.

We agree with the law stated in the first part of petitioner's contention, in that it is essential to sustaining an award that there be a causal connection between the conditions under which the work is required to be performed and the resulting injury. Superior Smokeless Coal & Mining Co. v. Hise, 89 Okla. 70, 213 Pac. 303.

Some courts have held, under the terms of their Workmen's Compensation Acts, that where the injury to one engaged in hazardous employment arose from an assault, the motive of which was solely personal, such as revenge, hatred, or malice, the injury cannot be said to arise out of the employment. Martin v. Sloss Sheffield Steel &

Iron Co. (Ala.) 113 So. 578; Marshall v. Baker-Vawter Co. (Mich.) 173 N. W. 191; New Amsterdam Casualty Co. v. Collins (Tex. Civ. App.) 289 S. W. 701.

Other authorities dealing with injuries resulting from the intentional acts of a coemployee make compensation dependent upon whether the employer could have foreseen and prevented the calamity. 28 R. C. L. 810.

However, our statute, as construed, takes a more liberal view.

"It is now well settled * * * that the fact that an injury is the result of the willful or criminal assault of another, does not prevent the injury from being accidental." Okla.-Ark. Telephone Co. v. Fries, 128 Okla. 295, 262 Pac. 1062.

In Stasmos v. State Industrial Commission, 80 Okla. 221, 195 Pac. 762, this court held:

"Injury resulting from an assault by a workman upon a fellow workman while the latter is engaged in the work of the master is an 'accidental personal injury arising out of and in the course of employment' within the meaning of the term as used in section 1 (article 2) of the Workmen's Compensation Act."

"The test of liability under the Workmen's Compensation Law for injuries arising out of and in the course of employment is, not the master's dereliction, whether his own or that of his representatives acting within the scope of their authority, but is the relation of the service to the injury, of the employment to the risk."

That decision settled the law in this jurisdiction concerning such a controversy as here presented. The result there was based upon section 7285, C. O. S. 1921, which provides in part:

"Every employer subject to the provisions of this act shall pay, or provide as required by this act, compensation according to the schedules of this article for the disability of his employee resulting from an accidental personal injury sustained by the employee arising out of and in the course of his employment, without regard to fault as a cause of such injury, except where the injury is occasioned by the willful intention of the injured employee to bring about injury to himself or of another. * * *"

The decision in that case quoted from the New York courts upon the subject, as follows:

"It may seem harsh and arbitrary to impose liability upon a master for an assault committed by a workman upon a coworkman, but the purpose and intent of the statute is to fix an arbitrary liability in the greater public interest involved. This legislation was to ameliorate a social condition, not to define a situation or fix a liability by an adherence to the old common law. Liability was imposed regardless of fault—vitally different from that under the common law. Injury by an employee, moved by some cause aside from his regular duties, may be considered an inevitable, however undesirable, result—a risk which is incident to the employment of many persons. It is a burden which industry may well bear under this legislation." Verschleiser v. Joseph Stern & Son, 229 N. Y. 192, 128 N. E. 126.

The one fact in such situations that will relieve the employer is that the injured workman was the aggressor. That fact, however, in the case at bar was found in favor of claimant. A close scrutiny of the finding of the Commission reveals that the assault arose over a wrench for which the injured claimant had been sent by his foreman, and while it is true that the Commission found that there existed ill will between the participants in the fight, which ill will arose from matters not connected with the employment, it is obvious that the difficulty was not wholly disconnected from matters pertaining to the employment, but actually grew out of the scope of and in pursuit of the employment of respondent.

The petitioner contends the claimant provoked the assault by the use of words. The Commission found that such fact was immaterial. We cannot say, under the law, that words alone will be justification for an assault. 5 C. J. 756.

The petitioner contends that there was a cessation in the assault; that the claimant was ejected from the house where the difficulty occurred and that he recommenced the fight and is, therefore, the aggressor.

The Commission found that whether claimant recommenced the fight was immaterial to sustain the award. We must indulge the presumption that there was never an end to the assault prior to the time that the injury was inflicted, and the finding of the Commission that the claimant was not the aggressor, but that his coworker was, supports this view. A review of the record justifies that finding. We cannot sustain the finding that cessation of hostilities was immaterial, but can sustain the award only, upon the record and finding that at all times the coworker was the aggressor.

The respondent complains that the award is inadequate to compensation for disfigurement, but no cross-petition has been filed by

him. The award is within the terms of section 7290, C. O. S. 1921, as to the amount recoverable for disfigurement, and our conclusion is that the amount awarded must be sustained under the discretion and judgment of the Commission.

Award sustained.

MASON, C. J., LESTER, V. C. J., and HUNT, HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. CLARK, J., absent, not participating.