## OKLAHOMA RY. CO. v. CARLTON et al.

No. 26067. Nov. 19, 1935.

Rehearing Denied Jan. 7, 1936.

Hayes, Richardson, Shartel, Gilliland & Jordan, for petitioner.

Paul Powers and Wayne Wheeling, for respondents.

BAYLESS, J. Oklahoma Railway Company, a corporation, petitions this court for a review of an award of the State Industrial Commission in favor of A. J. Carlton, one of

its employees. The parties will be referred to herein as petitioner, employee, and commission.

It was stated at the beginning of the hearing before the commission that there were but two issues, to wit: (1) The issue of notice from employee to petitioner; and (2) the issue of whether the accidental personal injury arose out of and in the course of the employment. The evidence relating to the circumstances surrounding the injury was introduced by the employee, and it is not disputed by the petitioner.

The facts disclosed by the employee's evidence were as follows: Employee was employed in the service of petitioner as a street car motorman, and had been for about 5 years; he was an "extra-board" man; in other words, he had no regular "run", but reported daily to the petitioner and was given work if some regular employee did not report: he reported twice daily, and had the option either to call by telephone or in person to the terminal office to consult a bulletin board; on pay days employee was required to apply in person, or by his wife or some recognized member of the family, at the office of the paymaster, where he or his agent was required to sign a voucher or receipt for the money in the presence of the paymaster; on May 19, 1934, the date of the injury, he came to the paymaster's office to receive his pay, and also to see if there was work for him; there was no work for him on that day; he went to the paymaster's office for his pay (this office was located in the recreation room set apart for the employees), and as he approached the paymaster he was solicited by a fellow employee, Whitten, for a donation to a fund being raised for the benefit of another fellow employee who was ill in a hospital, and promised this donation as soon as he was paid; when he had received his pay he stepped aside from the paymaster's desk, and made the donation and entered into a conversation with Whitten; this conversation related to a petition which had been circulated among the older employees listed on the "extra-board" whereby it was sought to have petitioner dispense with the services of some of the younger men (in point of seniority of service with petitioner) in order that the older men might have more work, and some criticism of this action on the part of the older employees was implied; employee thereupon stated that he had signed the petition, and when further criticism was indulged by another fellow employee, Ray, who was sitting nearby, employee asked what was in-

tended to be done about it. A fight between employee and Ray then ensued. In this fight several blows were struck by each of the participants, and at one time employee had Ray down on the floor, but in the general outcome employee seems to have received the worst of the encounter; employee's eye was blackened, and his face was cut and bleeding; some of the other employees took employee to a washroom and ministered to him, and he went home without reporting the matter to petitioner; some of his fellow employees reported him unable to work, although the exact nature of the information given by them to petitioner is not shown; employee remained at home five days and returned to work; he found that his eye was injured.

We are of the opinion that the second contention of the petitioner, that the accidental personal injury did not arise out of and in the course of claimant's employment, is well taken.

It is well settled in this jurisdiction that an injury which is the result of a willful or criminal assault of a fellow employee or another is an accident. Stasmos v. State Industrial Commission, 80 Okla. 221, 195 P. 762.

We have been cited or have found four opinions of this court involving assaults upon an employee, but only two of them involve fights, to wit: Stasmos v. State Industrial Commission, supra, and I. T. I. O. v. Jordan, 140 Okla. 238, 283 P. 240. It is clear from a reading of those cases that the fights, although engaged in by the injured employee, were the direct result of the performance of duties imposed upon the employee by the employer, and that at the inception of each of those fights the employee was doing something that he had been specifically directed to do. In each of those cases the injured employee was actually at work for the employer and was being paid by the employer at the time of the performance of the duties.

In this case the claimant was not actually performing any duty for the employer and had not performed any duty for it on that day. He was not paid any wages for anything done on that date.

We are of the opinion that when an employee voluntarily engages in conversation with fellow employees, none of whom are actually engaged in the performance of the duties pertaining to their employment on the particular day, and the conversations did not relate to any matter in which the employer has directed them to perform a service for him, and that such conversation led to a

.fight in which the employees voluntarily participated, without reference to who the aggressor was by physical overt act, and an injury results, such an injury did not arise out of and in the course of the employment.

The award is vacated and the matter is remanded, with directions to disallow the claim.

McNEILL, C. J., and WELCH, PHELPS, and CORN, JJ., concur.