**O. M. BRISTER, Petitioner,**

v.

**BARTON AND RICH DRILLING COMPANY, Tri-State Insurance Company and the State Industrial Commission, Respondents.**

No. 37166.

Supreme Court of Oklahoma.

April 17, 1956.

Fermon Hatcher, Pauls Valley, James R. Eagleton, Oklahoma City, for petitioner.

Ross & Holtzendorff, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

HALLEY, Justice.

On June 15, 1955, O. M. Brister, hereinafter called claimant, filed his first notice of injury and claim for compensation stating that on June 3, 1955, he sustained an accidental injury arising out of and in the course of his employment with Barton and Rich Drilling Company. On the 22nd day of November, 1955, the trial commissioner denied an award. This proceeding is brought by claimant against the employer and its insurance carrier, hereinafter called respondents, to review the order denying an award.

The order denying the award in part is as follows:

"That claimant voluntarily engaged in a fist fight with his driller and his injury, if any, did not result from an accidental personal injury arising out of and in the course of his employment, therefore, his claim for compensation is hereby denied."

Claimant testified that he was in the dog house eating a sandwich at approximately 12:30 P.M. when H. D. Fox, the driller, came in and started a conversation about arrangements for driving cars to work and during the conversation called claimant a liar and doubled up his fist and they started fighting. Fox grabbed a lantern and started to hit claimant. Finally claimant was thrown from the platform of the drilling rig to the ground by Fox. The platform was four feet high. When he was thrown to the ground he sustained an injury to his back. Claimant further stated that he does not know who struck the first blow. The fight consisted of three encounters. There were no witnesses to the first encounter except the participants but the last two encounters were witnessed by the remaining members of the crew who testified in the proceeding. After the second encounter the driller stated to claimant that he was fired. The tool pusher interfered in the final encounter and the fight ended.

Fox disputed the testimony of claimant as to the manner in which the fight commenced and testified that he, Fox, went into the dog house to caution claimant about wasting time on the job, especially spending too much time eating while the tool pusher was around and that claimant grabbed a lantern and started the fight. We think it unnecessary to review any more of the evidence relating to the three encounters between the driller and claimant for claimant asserts he was injured in the first encounter.

The question presented is whether there is any competent evidence reasonably tending to support the finding of the State Industrial Commission that claimant voluntarily commenced the fight. It is the rule in this State that claimant cannot recover if he was the aggressor. Indian Territory Illuminating Oil Co. v. Jordan, 140 Okl. 238, 283 P. 240.

This is conceded by claimant but he argues that the evidence when reviewed shows that Fox was the aggressor. Claimant cites Nelson Electric Mfg. Co. v. Cartwright, Okl., 277 P.2d 163, and states that it and this case are remarkably alike. This is true. However, in Nelson Electric Mfg. Co. v. Cartwright, supra, the State Industrial Commission resolved the question of fact in favor of claimant and we sustained the finding of the State Industrial Commission. In the case under consideration the State Industrial Commission resolved the question of fact for respondents and the substantial evidence supports such finding.

Claimant also cites Town of Granite v. Kidwell, Okl., 263 P.2d 184. Therein the State Industrial Commission found that a city marshal sustained an accidental injury arising out of and in the course of employment when assaulted by a deputy sheriff of Greer County and this Court sustained the finding.

The question under consideration has been annotated under the heading Assault by a Fellow Workman in 15 A.L.R. 588, following Stasmos v. Rock Island Coal Mining Company (Stasmos v. State Industrial Commission), 80 Okl. 221, 195 P. 762, 15 A.L.R. 576. Also, 21 A.L.R. 758; 40 A.L.R. 1122; 72 A.L.R. 110 and 112 A.L.R. 1258. In the great majority of these cases where the question is raised as to who is the

aggressor and the testimony is in conflict it is held to be a question of fact for a determination of the State Industrial Commission. See, Indian Territory Illuminating Oil Co. v. Jordan and Nelson Electric Mfg. Co. v. Cartwright, supra.

There is competent evidence in the record reasonably tending to support the finding of the State Industrial Commission that the accidental injury did not arise out of and in the course of the employment.

Order denying award sustained.

JOHNSON, C. J., and CORN, DAVISON, BLACKBIRD, JACKSON and HUNT, JJ., concur.