**TERRY MOTOR COMPANY, and the State Insurance Fund, Petitioners,**

v.

**Della MIXON and State Industrial Commission, Respondents.**

**No. 38751.**

Supreme Court of Oklahoma.

March 22, 1960.

954

Mont R. Powell, Mary Elizabeth Cox, Oklahoma City, for petitioners.

Rex H. Holden, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

This is the second proceeding by petitioner to review an award of compensation to Della Mixon, claimant, for the death of her husband, Hunter Mixon. In the first proceeding, Terry Motor Co. v. Mixon, Okl., 336 P.2d 351, this court vacated the first award with direction to allow petitioner an opportunity to obtain additional evidence. It appears from the record herein that the witness whose testimony was sought by petitioner died before his testimony was obtained. A second award was entered on substantially the same record as the first award.

It is conceded that claimant's husband, Hunter Mixon, died as the result of injuries sustained when his head struck the concrete floor at his employer's place of business.

Petitioners contend on review that the evidence is insufficient to sustain the finding that claimant's husband sustained an accidental injury arising out of or in the scope of his employment, and that the trial judge erred in excluding certain evidence offered by petitioner.

■ The gist of petitioner's first contention is that the injury which resulted in the death of claimant's husband was sustained while he was engaged in a wrestling match outside the scope of his employment. We think this proposition is too broad, and that it is not supported by the case cited, Horn v. Broadway Garage, 186 Okl. 535, 99 P.2d 150. In that case, claimant lost the sight of an eye while playing with a broken paper clip and rubber band. See also, Eagle-Picher Mining & Smelting Co. v. Davison, 192 Okl. 13, 132 P.2d 937, where claimant, a truck helper, was injured while playing with a dynamite cap while waiting for return of the truck. The rule applied in those cases was that an injury sustained as the result of play indulged in by an employee for his own amusement does not arise out of the employment, and any disability resulting therefrom is not compensable.

■ We have held in several cases that where claimant was assaulted or injured by a fellow employee or third person, who was the aggressor, while claimant was engaged in the duties of his employment, the resulting disability was compensable. Thompson Bldg. Co. v. Midgette, Okl., 308 P.2d 645; Nelson Electric Mfg. Co. v. Cartwright, Okl., 277 P.2d 163; Cordell Milling Co. v. State Industrial Commission, 173 Okl. 195, 47 P.2d 168; Bishop's Restaurant Inc. v. McKim, 208 Okl. 631, 258 P. 2d 170; Town of Granite v. Kidwell, Okl., 263 P.2d 184; Yellow Cab Co. v. Wills, 199 Okl. 272, 185 P.2d 689; Indian Territory Illuminating Oil Co. v. Jordan, 140 Okl. 238, 283 P. 240; Stasmos v. State Industrial Commission, 80 Okl. 221, 195 P. 762, 15 A.L.R. 576.

In J. C. Hamilton Co. v. Bickel, 174 Okl. 32, 49 P.2d 1065, we limited the rule to situations where the claimant did not actively participate in the horseplay or altercation.

In Brister v. Barton & Rich Drilling Co., Okl., 297 P.2d 405, 406, we stated:

"It is the rule in this State that claimant cannot recover if he was the aggressor." (citing Indian Territory Illuminating Oil Co. v. Jordan, 140 Okl. 238, 283 P. 240.)

In Swift & Co. v. Forbus, 201 Okl. 516, 207 P.2d 251, we sustained an award for injuries resulting in a scuffle between claimant and a former employee, stating that there was a conflict of evidence as to whether claimant provoked or actively participated in the scuffling.

■ The Oklahoma cases appear to be in accord with the majority rule as stated in 99 C.J.S. Workmen's Compensation § 225, p. 753, as follows:

"The courts are sharply divided as to whether injuries resulting from horseplay, skylarking, and practical joking are compensable. Under what is apparently the majority view, an injury to an employee as a result of sportive acts of coemployees, horseplay, or skylarking is not compensable

as not arising out of the employment where the injured employee was a participant, initiator, or instigator."

Referring to the record in the instant case, the employer, Bob Terry, testified that he saw Mixon walk by with his hoe and push broom, and a short time later saw Rozell and Mixon on the floor, with Rozell on top of Mixon. When Terry asked Mixon if he was hurt, he replied, "Well, it hurt my head a little."

Otto Ary, former employee, stated in effect that he saw Rozell throw Mixon to the floor, and that Mixon hit the floor on his back.

The trial judge excluded testimony of employer's bookkeeper and two former fellow workmen as to statements made by Mixon immediately following the incident in question. The substance of the excluded testimony was that Mixon stated that he had been playing or wrestling with Rozell, and that he was thrown to, and hit his head on, the concrete floor.

Petitioners contend that such statements were admissible under a recognized exception to the hearsay rule, as declarations or admissions against interest.

In 31 C.J.S. Evidence § 218b, Declarations of Person Since Deceased, it is stated:

"The rule that declarations of a decedent against his interest are admissible has been applied where it is sought to introduce such declarations in a suit for damages for the death of declarant. Declarations of deceased against interest, made after the injury, have been admitted on behalf of defendant to show that the injury was not the cause of death, or that the injury was caused by contributory negligence on the part of deceased. * * * In an action for wrongful death which can be maintained only where decedent could have maintained an action for injuries, it has been held that there is such privity between decedent and those suing for damages for his death

as to make his declarations against his interest admissible."

In Jones on Evidence, Fifth Edition, Section 342, it is stated:

"A somewhat analogous question has arisen in cases where the declarations of a person, since deceased, have been offered in actions for wrongful death; in many instances such declarations have been received." (Citing Western Auto Supply Co. v. Washburn, 112 Colo. 430, 149 P.2d 804; Georgia Railroad & Banking Co. v. Fitzgerald, 108 Ga. 507, 34 S.E. 316, 49 L.R.A. 175; Walker v. Brantner, 59 Kan. 117, 52 P. 80; Hughes v. President, etc., of Delaware & H. Canal Co., 176 Pa. 254, 35 A. 190; Virginia Electric & Power Co. v. Decatur, 173 Va. 153, 3 S.E.2d 172, 4 S.E.2d 294.)

"Even if their admissibility as admissions is doubtful because of statutory niceties which base the claim on the theory of injury to the deceased's dependents rather than on the theory of a claim surviving to the deceased's estate, nevertheless, the statements of the deceased would be admissible if they were in fact against his pecuniary interest when made, as declarations against interest."

In Aetna Life Insurance Company v. Strauch, 179 Okl. 617, 67 P.2d 452, which was an action by administrator of beneficiary on a life insurance policy, we held that the exclusion of a statement against interest of the deceased beneficiary was reversible error. We quote paragraph three of the syllabus:

"The statement of a party relating a fact against his pecuniary or proprietary interest is admissible in evidence as an exception to the hearsay rule, provided it meets the following requirements as judicially applied: (1) The declarant must be unavailable as a witness (death is sufficient and usually required); (2) it must appear that the declaration or statement re-

lated a fact against the apparent or prima facie pecuniary or proprietary interest of the declarant at the time it was made; (3) the declaration must have concerned a fact personally cognizable by the declarant; (4) the circumstances must render it improbable that a motive to falsify existed."

Although we find no case in which this court has passed on the admissibility of such statements in workmen's compensation proceedings, it appears that, generally, the rule applies with equal force.

In 58 Am.Jur., Workmen's Compensation, Section 445, it is stated:

"As a general rule, a *self-serving* statement made by an injured workman as to the cause of the injury is not, after his death, admissible, but statements made by an injured workman a*gainst his interest* are generally held to be admissible." (Emphasis added.)

And in Annotation, 114 A.L.R. 939, it is stated:

"However, in cases arising under workmen's compensation laws in the various states declarations against interest of the deceased workman are generally held admissible in evidence under an exception to the hearsay rule."

The following cases hold that statements against interest of deceased employee are admissible in workmen's compensation death benefit proceedings: Republic Iron & Steel Co. v. Industrial Commission, 302 Ill. 401, 134 N.E. 754; Cuneo Press Co. v. Industrial Commission, 341 Ill. 569, 173 N.E. 470; Barlow v. Shawnee Inv. Co., 229 Mo.App. 51, 48 S.W.2d 35; Wills v. Berberich's Delivery Co., 339 Mo. 856, 98 S.W.2d 569; Ford v. A. E. Dick Co., 288 Pa. 140, 135 A. 903; Comstock v. Goetz Oil Corp., 286 App. Div. 132, 142 N.Y.S.2d 217.

We approve and follow the rule of the above-cited cases, and hold that the trial judge erred in excluding the testimony in question. Inasmuch as such evidence, if fully developed, could be probative and pertinent to the questions whether the deceased provoked, instigated, or voluntarily participated in the scuffling or wrestling, the exclusion of the offered evidence was prejudicial to petitioner, and constitutes reversible error.

The trial judge permitted testimony of claimant as to her husband's physical appearance and his expression as to pain and suffering when he returned home on the afternoon of the injury. This testimony was properly admitted as competent and original evidence of pain and suffering, under a recognized exception to the hearsay rule. Collins-Dietz-Morris v. Richardson, Okl., 307 P.2d 159.

Award vacated and case remanded for further proceedings in accordance with the views expressed herein.

DAVISON, C. J., WILLIAMS, V. C. J., and HALLEY, BLACKBIRD, IRWIN and BERRY, JJ., concur.