2000 OK CIV APP 111

Henry A. THOMAS, Petitioner,

v.

SUNDOWNER, Own Risk, and Workers' Compensation Court, Respondents

No. 94,157.

Court of Civil Appeals of Oklahoma, Division 4.

May 30, 2000.

Certiorari Denied Sept. 26, 2000.

W.E. Sparks, W.E. Sparks and Associates, Tulsa, Oklahoma for Petitioner.

Vickie J. Buchanan, Tenal S. Cooley III, Looney, Nichols & Johnson, Oklahoma City, Oklahoma for Respondent.

REIF, J.

¶ 1 Claimant Henry A. Thomas seeks review of the trial court's order that denied his claim. The trial court held that Claimant's injuries at work fell within "the exception to compensability [under] 85 O.S. § 11(4)."[1] The trial court concluded "claimant was not a mere innocent victim to the altercation (fight) that ensued between himself and [a co-worker] which resulted in injuries." The trial court based this conclusion on a finding that "claimant had uttered extensive 'fighting words' prior to the alleged incident (altercation)" which provided "provocation" for the co-worker to strike claimant. The essence of Claimant's position here on review is that mere words did not make him an aggressor nor constitute "willful or intentional behavior" contributing to his injury. He points out that *all* the witnesses agreed that he did nothing of a physical nature to cause the fight.

¶ 2 In reviewing this proposition, this court must show deference to the trial court's findings. We believe that the trial court's findings of "fighting words" and "provocation" indicate that the trial court accepted the co-worker's testimony (over Claimant's denial) that Claimant made a personal threat to the co-worker. The co-worker testified that he heard Claimant twice say something about knocking lead men in the head and that, the second time, Claimant mentioned leaving the lead men laying in a puddle of blood. The co-worker was a "lead man" but was not Claimant's supervisor. When the co-worker asked Claimant if he was talking about the co-worker, Claimant replied, "You['re] goddam right, I'm talking about you. I'll knock you in the head and leave you [lying] in a puddle of blood." At this point, the co-worker pushed Claimant and then hit him when he "bounced right back cussing and everything." When asked why he hit Claimant, the co-worker replied: "There's all kinds of short pieces of [metal] tubing everywhere in that shop and I figured that he might pick one up and hit me with it." When asked why he didn't walk away, the co-worker replied that he was afraid to turn his back on Claimant.

¶ 3 It is a well-settled rule of Oklahoma Workers' Compensation Law that a claimant cannot recover for injuries in a fight at work with a co-worker if claimant was the aggressor. *Brister v. Barton and Rich Drilling Company*, 1956 OK 134, ¶ 5, 297 P.2d 405, 406. "Aggressor" is defined in the criminal law of assault and battery to mean the "one who provokes the difficulty." *Wilkie v. State*, 33 Okla.Crim. 225, 242 P. 1057, 1059 (1926). This case further observes that " '[t]o provoke the difficulty' has been defined as willingly and knowingly *using some language* or doing some act after meeting the

---

1. There is no dispute that the trial court was referring to the exception found in 85 O.S. Supp. 1999 § 11(A)(4).

antagonist *reasonably calculated to lead to the ... conflict." Id.* (citation omitted) (emphasis added). The court in *Wilkie* further explained that "it is not particularly important whether he begins the trouble by words or acts, if they are such as are 'reasonably calculated' to lead to an affray." *Id.* This definition is recognized to prevent an aggressor from "taking advantage of his own wrongdoing, which the law does not permit." *Id.* (citations omitted).

¶ 4 This concept is completely compatible with the requirements of § 11(A)(4) that the claimant be an "innocent victim" and not have engaged in willful or intentional behavior to cause his injury. An employee who provokes a fight with a co-worker for whatever reason has engaged in willful or intentional behavior that is likely to cause an injury and is certainly not an "innocent victim" under § 11(A)(4).

¶ 5 "[W]here the question is raised as to who is the aggressor and the testimony is in conflict it is ... a question of fact." *Brister,* 1956 OK 134 at ¶ 8, 297 P.2d at 406–07. An order denying an award to a claimant who is determined to be the aggressor in a workplace fight with a co-worker will be sustained on review if there is competent evidence in the record to support the finding on that issue. *Id.*

¶ 6 The testimony of the co-worker who struck Claimant is competent evidence to support the trial court's conclusions that Claimant was not an innocent victim, but was instead the one who provoked the co-worker by using fighting words. Stated another way, the co-worker's testimony was competent evidence that Claimant was the aggressor who provoked the difficulty by willingly and knowingly using language reasonably calculated to lead to an affray. According to the co-worker, Claimant personally threatened to knock the co-worker in the head and leave him in a puddle of blood, and did so in a setting in which pieces of metal tubing were near at hand and readily available to carry out the threat. The threatening nature and circumstances of Claimant's statement are entirely different than the "opprobrious epithets and verbal insults" that were held to be insufficient provocation in *Brewer v. State,*

84 Okla.Crim. 235, 180 P.2d 848, 851–52 (1947). Threatening to knock someone in the head and leave them in a puddle of blood is obviously more serious than simply insulting someone by calling them a son of a bitch as in the *Brewer* case.

¶ 7 Finding competent evidence in the record to support the denial of the claim under the exception set forth in 85 O.S. Supp.1999 § 11(A)(4), the order denying the claim is sustained.

¶ 8 SUSTAINED.

¶ 9 GOODMAN, C.J., and STUBBLEFIELD, J., concur.