In the Matter of the Claim of ROBERT L. ALEXANDER, Respondent, against WM. SPENCER & SON CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by a self-insured employer from an award of the Workmen's Compensation Board which allowed compensation for partial disability for a period from February 2, 1949, to February 9, 1951. Claimant was injured in the course of his employment on July 16, 1948, and awards from that date to February 2, 1949, have been paid. It is the contention of the appellant that there is no evidence of disability subsequent to February 1, 1949. There is considerable medical testimony that such is the case. The board would have been upon firm ground if it had decided this case the other way. However, claimant's attending physician testified unequivocally that claimant's partial disability continued during the period involved. The board was at liberty to adopt and give credence to his testimony if it saw fit. Questions of fact and of credibility of witnesses are exclusively for the board to determine. Award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Brewster, Bergan and Coon, JJ., concur; Heffernan, J., taking no part.

In the Matter of the Claim of CLARA PTASZYNSKI, Respondent, against AMERICAN SUGAR REFINING COMPANY, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by a self-insured employer from an award of death benefits made by the Workmen's Compensation Board to the widow of a deceased employee. Decedent was employed as a mechanic in the boiler house of the employer's sugar refinery. On the morning of November 1, 1946, he became ill and was taken to a hospital. At the hospital it was found that he had suffered a coronary occlusion and he died on the 7th of November, 1946. The board found that decedent sustained an accidental injury arising out of and in the course of his employment. Specifically the board found that decedent suffered from a coronary occlusion because of unusual exertion and strain on his part while using force to lift or close a door to an ashpit. The only evidence to sustain this finding are the hearsay declarations of decedent. Hearsay declarations are admissible but in order to establish an accident and injury they must be corroborated by circumstances or other evidence (Workmen's Compensation Law, § 118). We can find no such corroboration in the record before us. Award reversed, on the law, and the claim dismissed, with costs to the employer-appellant. Foster, P. J., Brewster, Bergan and Coon, JJ., concur; Heffernan, J., taking no part.