In the Matter of the Claim of JULIA CHOLET, Respondent, against R. H. MACY & Co., INC., et al., Appellants, and SPECIAL DISABILITY FUNDS, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from decisions of the Workmen's Compensation Board awarding compensation for disability suffered by the deceased employee before his death and awarding death benefits to his widow. When decedent, a loader at a warehouse, returned home from work at the regular time on August 20, 1950, he told his wife that he strained his arm when a carton slipped as he was loading it on a truck. He reported for work the next day but was persuaded to return to his home after complaining to the company nurse of pain in his chest. Thereafter, he was admitted to a hospital and on September 4, 1950, died of an acute myocardial infarction. The board found that the decedent suffered the damage to his heart because of unusual strain and exertion on his part, consisting of attempting to prevent a heavy carton from slipping while he was loading it on a truck. Hearsay statements of the deceased are relied upon to establish the accident and the manner in which it happened. If corroborated by circumstances or other evidence, hearsay statements are sufficient to establish the accident and the injury. (Workmen's Compensation Law, § 118.) However, no such corroboration appears in the record. There was no testimony from fellow workmen that on the day of the alleged accident the decedent handled any bulky carton or that a carton slipped while being loaded by him or that he appeared to be in pain. (Cf. *Matter of Ptaszynski* v.

*American Sugar Refining Co.*, 280 App. Div. 905, affd. 305 N. Y. 833.) No admission of accidental injury is contained in the employer's report of injury. Decisions and awards reversed, with costs, and the matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith. Foster, P. J., Bergan, Halpern, Imrie and Zeller, JJ., concur.