In the Matter of the Claim of Gladys B. Comstock, Respondent, against Goetz Oil Corporation et al., Appellants. Workmen's Compensation Board, Respondent.

Third Department, June 16, 1955.

*Noel S. Symons* and *Thomas J. Kelly* for appellants.

*Jacob K. Javits, Attorney-General* (*Gilbert M. Landy* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*John C. Ward* for claimant-respondent.

Coon, J.   The only proof that decedent sustained any accident in his employment is hearsay evidence, consisting of testimony of members of his family to statements made to them by decedent. This testimony was admissible and sufficient to establish accident and injury only " if corroborated by circumstances or other evidence ". (Workmen's Compensation Law, § 118.)

This case presents an unusual problem in hearsay cases. The medical testimony shows that at some time and in some manner decedent sustained a head injury which eventually led to his hospitalization and a cranial operation, from which he died. The only evidence as to what happened and when it happened and where it happened depends upon statements made by decedent, which are in serious conflict.

Decedent was employed as a night watchman by an oil company, and as part of his duties was required to wash one oil truck each night. His widow testified that on the morning of September 20, 1952, he returned from work and told her that he had fallen from a truck, and that she found a cut over his eye and a bruised shoulder and hip. There is testimony from other members of decedent's family that he told them that he fell from a truck at the plant, but that, of course, is merely another hearsay statement which is of no value as corroboration.

On the other hand, there is testimony of a coemployee of decedent that on the same morning of September 20th and before decedent left the job, the coemployee noticed a Band-aid over decedent's eye and testified that decedent told him he fell from a ladder at home. There is testimony of two other coemployees to the same effect. Decedent returned to work on the night of September 20th and worked for two more nights, although he was not required to wash any trucks because it was known to his coem-

ployees and the plant superintendent that he had sustained an injury. None of his coemployees knew, however, of any accident at the plant, or that decedent claimed to have had an accident at the plant. In fact, decedent had told them to the contrary. Mr. Hughes, the plant superintendent, testified that he talked with decedent on September 22d and asked him what happened, and decedent said: "I fell. I fell off a ladder. I was painting at home and fell off a ladder." Hughes testified further that he specifically asked decedent if he was hurt on the job, and "he said 'No' he was hurt at home." Such statements to his employer and coemployees, while hearsay, are declarations against interest and would be receivable as common-law evidence.

Considerable evidence was offered tending to show that decedent had done no painting at home, and that there was no ladder at his home. Such negative testimony has a bearing upon the credibility of decedent's statements to coemployees, but it is not corroboration of his statement that he fell at the plant.

We do not find in this record any circumstances or any other evidence which corroborates the hearsay statements alleged to have been made by decedent to the effect that he was hurt at work. Moreover, those statements are somewhat weakened by his other conflicting statements. (*Matter of Belcher* v. *Carthage Mach. Co.,* 224 N. Y. 326; *Matter of Ptaszynski* v. *American Sugar Refining Co.,* 280 App. Div. 905, affd. 305 N. Y. 833; *Matter of Cholet* v. *Macy & Co.,* 285 App. Div. 1095.)

To support an award based on hearsay declarations there must be competent evidence presented which shows facts or circumstances which have a natural and real tendency to corroborate and which independently cause the mind to turn in the direction taken by the hearsay. It is not enough that there be something shadowy and speculative which could possibly be strained in the direction of corroboration.

Sometimes, of course, the injury itself, and its nature, may be adequate corroboration. That depends upon the circumstances in each case. But the value of such a factor as corroboration is greatly lessened or vanishes entirely when there are two hearsay versions of the manner in which the injury was sustained.

The award should be reversed, with costs to appellants against the Workmen's Compensation Board, and the matter remitted to the Workmen's Compensation Board.

Foster, P. J., Halpern, Imrie and Zeller, JJ., concur.

Award reversed and matter remitted to the Workmen's Compensation Board, with costs against the Workmen's Compensation Board.