■ In the Matter of the Claim of THOMAS RICCOBONO, Respondent, against CONTINENTAL CASUALTY COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and its insurance carrier from a decision and award allowing compensation to claimant. The employer was engaged in the insurance business in New York City and employed claimant, an attorney, as an investigator of compensation claims. Claimant's testimony may be summarized as follows: Shortly before my disability I had been assigned additional territory containing tenement houses which necessitated my climbing stairs to interview claimants and witnesses; in March, 1952, in the lower east side, I climbed three or four flights of stairs to obtain a statement from a woman who lived in a tenement; when I arrived at her flat I was exhausted, gasping for breath and I felt a sharp pain in my chest; I rested a few minutes and then continued with my work; on April 5, 1952, while at home, I suffered another attack of pain in my chest and the physician who was called diagnosed my condition as acute coronary occlusion with myocardial infarction; I was hospitalized two days later. Appellants urge that there is no competent proof of an industrial accident. They stress that claimant did not tell his employer of the stair climbing episode, that he gave no history of it to his doctor when he was first called and that it does not appear in the hospital record. Appellants argue that claimant himself, although an attorney and compensation claims investigator, apparently did not consider that he sustained an industrial accident until several months afterwards when he filed a claim. However, in reaching a determination of the facts, the board considered the inconsistencies in the record and weighed the credibility of claimant. A factual issue has been presented and we may not interfere. (Workmen's Compensation Law, § 20; Matter of Alexander v. Spencer & Son Corp., 280 App. Div. 905.) Causal relation presented another issue of fact. There is medical opinion in the record that the heart attack was the culmination of progressive narrowing of the coronary arteries and not the result of any exertion two or three weeks previous. However, there is also an opinion that

claimant's increased duties, the exertion in climbing the stairs on the occasion described and the coronary occlusion were causally related. The board's action in excusing claimant's failure to give a written notice of injury to his employer within the time prescribed was within its discretion under section 18 of the Workmen's Compensation Law. The employer had been advised by claimant of the adverse physical effects caused by the strain of climbing stairs in the added territory. It knew of claimant's hospitalization for a heart condition, although it did not know that claimant claimed his disability to be the result of an accident arising out of and in the course of employment. However, it does not appear that the employer was prejudiced by claimant's omission to give the notice and this alone is sufficient to justify the action of the board. (Workmen's Compensation Law, § 18; *Matter of Wiltcher* v. *National Transp. Co.,* 283 App. Div. 977.) Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Zeller and Gibson, JJ.