In the Matter of the Claim of EMMA KELLER, Respondent, against MONTGOMERY WARD & Co., INCORPORATED, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 9, 1956.

*Thomas W. Madden* for appellant.

*Jacob K. Javits, Attorney-General* (*Gilbert M. Landy* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

ZELLER, J. Decedent was employed as a serviceman at the employer's retail store in Jamaica, New York. The only proof that decedent sustained any accident during his employment is hearsay evidence. Decedent's widow, claimant herein, testified that in mid-September, 1947, decedent returned home from his work one hour earlier than usual and told her that while working in the home of a customer he lifted a heavy appliance and suffered severe pains in his chest. The company nurse testified that in the Fall of 1947 decedent reported to her that he had

suffered pain in his chest while installing a kitchen appliance. A coemployee testified that decedent told him that while on a stove job without a helper he strained a muscle in his chest. Several other witnesses testified to similar hearsay statements of the deceased.

Some inconsistent factors appear in the record. For instance, the office record cards of a physician whom decedent consulted on September 30, 1947 for substernal pain, contain no history of any accident; and a fellow employee, with whom decedent rode home from work, was not told by decedent of suffering any pain while working although he did complain of pain which he attributed to indigestion. But the record is replete with the decedent's hearsay statements of lifting a heavy appliance and suffering a pain in his chest and the board had the right to find that such statements were made. The problem here is whether such hearsay statements are so " corroborated by circumstances or other evidence " as to be sufficient to establish the accident and the injury. (Workmen's Compensation Law, § 118.)

Among the items which it claims should be considered as corroboration, respondent lists the following: (1) decedent's report of the incident to the company nurse; (2) the history given by decedent to the company doctor and (3) decedent's report of the accident to his supervisor. These items consist of declarations made by the decedent and testified to by the hearer and are, therefore, hearsay. It is our opinion that the Legislature did not intend to permit hearsay statements to be used as corroboration. The fact that the hearsay statement was repeated to several persons is of no moment insofar as corroboration is concerned. In relaxing the common-law rule of evidence regarding hearsay testimony, the Legislature plainly stated that hearsay shall be sufficient to establish the accident and the injury only if " corroborated by circumstances or *other* evidence ". (Emphasis supplied.) Therefore, the record must be examined to find if the hearsay is corroborated by circumstances or evidence other than hearsay.

It seems to us that there is sufficient corroboration in certain circumstances and evidence. Decedent had been in good health prior to the day of the alleged accident, but on the day he returned home earlier than usual and told his wife of lifting the heavy appliance, he seemed to her to be pale, tired and haggard. His duties did require him to handle heavy kitchen appliances and at times servicemen did install and lift heavy stoves without help. These matters, considered together, meet the requirement of the statute.

The medical evidence on the issue of causal relationship is in sharp conflict. Decedent continued to work after the accident until July 15, 1948, when he was taken ill. He died a few days later of a coronary occlusion. No doctor who ever examined decedent testified on the issue of causal relationship. Decedent's own physician died before the claim was heard. His office record cards show that he made a diagnosis of coronary insufficiency and that the electrocardiograms he took revealed no recent coronary artery disease or muscular development. The employer's physician who examined decedent in February, 1948, did not refer to the issue of causal relationship. An expert in cardiology was called by claimant and, in answer to a hypothetical question, said that the lifting of the stove in September, 1947 initiated a pathological state which repeatedly recurred to the date of his death. He also said that heart muscle damage would in most, but not in all, instances appear on the electrocardiogram. Therefore, since there is evidence to support the finding of the board on the issue of causal relationship, its decision is final.

We find no reversible error in the exclusion from evidence of the letter written by decedent's physician to claimant's attorney.

The decision and award should be affirmed, with costs to the Workmen's Compensation Board.

FOSTER, P. J., BERGAN, COON and GIBSON, JJ., concur.

Decision and award affirmed, with costs to the Workmen's Compensation Board.