Appeal from a decision and award of the Workmen’s Compensation Board. Decedent was employed as a laundry supervisor and manager. His duties were supervisory. On Saturday, June 27, 1953 the laundry was not in operation, but maintenance work was being done. The proof is that in this work decedent took a supervisory part. Installation of a cement foundation was being made on that day and decedent was seen walking around overseeing this and there is proof that he discussed the installation of machinery with his assistant. There is no proof in the record that any one saw decedent on this day lift or physically move any object; and there is proof not only that the laundry was not on that day in operation, but that also it was not in any ease part of decedent’s duties to lift baskets of laundry. Witnesses who saw decedent testified he performed on this day his usual supervisory work; that he appeared in good health and made no complaints and that he left the premises in the early afternoon, not later than 1:30 p.m. Where he was between this time and 7:00 p.m. is not known. At that time when he arrived home a witness testified decedent said: “I don’t feel good ⅞ ■:? « j happened to pick up a heavy basket * 0 ° I hurt myself ”, and complained that his stomach was bothering him. Four hours later decedent became acutely ill, suffered from chest pains, and was hospitalized. He died the following day. His death was due to arteriosclerotic heart disease. The board has found that there was an accident and that his death arose from the accident. We think the finding of accident is without substantial evidence to support it. That decedent “ lifted a heavy basket of laundry ” as the board has found, rested entirely on hearsay; and that this “caused him” to “use” an “ unusual exertion and strain ” as the board also has found, has no support in the record. The hearsay has not been corroborated by circumstances or other evidence as required by section 118 of the Workmen’s Compensation Law. This is not a case where the usual circumstances of the work would lend corroboration to the hearsay. It was not part of decedent’s job to move baskets; no one saw him doing any physical work on the date of the accident; and the generalized opinion of a laundry manager who had experience in another plant about what managers do in laundries on Saturdays had no probative value as to the actual occurrences in this laundry of which that witness had no knowledge. The witness to whom decedent complained of illness in the evening also testified that when the witness had worked in the plant at an unspecified earlier time, decedent ‘' used to ’ ’ push big boxes around helping in the laundry process. It is clear that he was not only referring to a practice occurring some time earlier, but also to one that was connected with the actual laundry operation and not to a practice in that laundry when it was not in *902 operation. The acute heart disease itself, which could he induced entirely by natural causes, is not a circumstance in support of the claimed accident. The fact that there were baskets in the premises and decedent could have lifted one for some undisclosed purpose is not enough to meet the need for corroboration. The hearsay has not been corroborated within the statute (Matter of Ptaszynski v. American Sugar Refining Co., 280 App. Div. 905, affd. 305 N. Y. 833; Matter of Cholet v. Macy & Co., 285 App. Div. 1095). Award reversed and claim dismissed, with costs against the Workmen’s Compensation Board.
Foster, P. J., Bergan, Coon and Gibson, JJ., concur.