■ In the Matter of the Claim of ELIZABETH JONES, Respondent, against CHICAGO PNEUMATIC TOOL CO., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision and award of the Workmen's Compensation Board. Deceased employee died as the result of a heart attack suffered on the job. After the attack he told his wife that " I lifted something heavy and I felt * * * pain ", and the history given to the examining physician at the hospital was that he had lifted a " heavy object ". The problem on appeal is whether these hearsay statements on the occurrence of an accident are sufficiently corroborated. There is proof that decedent suffered the attack while actually working; and that the work he was doing involved strenuous physical effort. He loaded from 50 to 100 trash cans into trucks or dolleys, lifting them " about as high as a table ". The cans weighed from 40 to 100 pounds depending on the material in them. The nurse's records in the first aid station at the plant show decedent was suffering severe pain while actually at work in the plant, and was put to bed. The employer's report of injury filed with the board, apparently incorporating some of the material in its first aid records, seems to amount to an admission that the disability was associated with the work. All this constitutes sufficient corroboration of the hearsay statements. The statutory corroboration required is not as technical as that at common law; it may be by " circumstances or other evidence ". (Workmen's Compensation Law, § 118). Award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Gibson and Herlihy, JJ.

■ In the Matter of the Claim of SALVATORE BELLINO, Respondent, against ALL RITE BELT COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board for disability subsequent to May 17, 1957, attributed by the board to an accident of July 14, 1952 which caused a recurrent inguinal hernia on the right for which a number of operations were performed. Appellants contend that since, on May 16, 1957, there was no evidence of another recurrence of the right hernia but there did exist a left hernia attributable to another accident, there was no substantial evidence to support the finding of disability beyond May 16, 1957 related to the 1952 accident. There seems to us ample evidence of such causation, particularly in the testimony of Dr. Weeden, the board's medical director, who attributed the mild partial disability to both groins and said: " It is because he has had a recurrence of both hernias and been operated upon five times that I do not believe such a man should do heavy lifting which might cause another recurrence to happen." Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Gibson and Reynolds, JJ.