■ In the Matter of the Claim of PHILOMENA O'BRIEN, Respondent, v. LONG ISLAND STATE PARKWAY COMMISSION et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of the Workmen's Compensation Board for death benefits, appellants' brief limiting the issue on appeal to the question whether there is in the record sufficient corroboration of the hearsay evidence of accident. The board found that the exertion expended by decedent, in the course of his employment as a highway patrolman, in helping a woman motorist change a tire " contributed to the development of a myocardial infarction and to death"; and that the hearsay evidence of the work and the exertion, consisting of decedent's statements to his physician and to a retired sergeant of police, was " corroborated by the fact that the activity described was in the scope of his duties, by the circumstance under which he was relieved of duty, and by his appearance when so relieved ". (See Workmen's Compensation Law, § 118.) Appellants attack but one of the corroborative factors found, arguing " that the fact that changing of a tire may be within the scope of the duties of a patrolman does not constitute such corroboration." If the evidence did no more than sustain the bare skeletal finding respecting " scope " of employment or if there were no additional corroborative factors, appellants' argument would be entitled to greater weight. Here, in addition to the perhaps neutral evidence cited by appellants, there was testimony from the lieutenant in charge that one patrolman might do no more than call the tow service, " but the other individual feels he is obligated to do a little more [f]or an elderly

person or some person who doesn't look like they have much money to afford the authorized tow charge, they will say well, we will give him a hand. *It is common.*" Asked by the Referee if some patrolmen would thus assist "a lady in distress", the witness replied, "Well, we hope so." Proof of this "common" practice seems of probative force at least equal to the evidence in another case that "at times" servicemen did install and lift heavy stoves without help (*Matter of Keller* v. *Montgomery Ward & Co.,* 2 A D 2d 402) and the proof with respect to still another claim that the well-cleaning task was performed on "infrequent occasions, about once a year" (*Matter of Rambold* v. *Whitney,* 4 A D 2d 906, motion for leave to appeal denied 4 N Y 2d 673). The additional corroborative evidence in these cases was quite similar to the proof in this. Here decedent was in very good spirits when he reported for work at 3:00 P.M. and appeared in good health then and, also, it could be found, when he reported by telephone at 7:00 P.M.; but at 9:30 P.M., when he asked to be relieved because of acute illness and requested aspirin to relieve chest pain, he was "white as a sheet", was "gasping for breath" and seemed on the verge of collapse. Two physicians, one a cardiologist, in testifying to causation related the work incident, in respect of the time element and otherwise, to decedent's heart attack and death; and one of them, who attended decedent, gave testimony which the board was entitled to accept as explanatory of decedent's initial failure to associate the work episode with the attack. The cases (*infra*) upon which appellants rely are not in point. In *Ptaszynski,* there was no proof or corroboration of the contention that force or exertion was required to open a door "so balanced that it would open partly under its own weight"; in *Cholet,* proof of what the regular work entailed did not corroborate the claim that a carton "slipped"; in *Ohriner,* the regular work was supervisory, the business was not in operation at the time of the claimed accident and lifting was no part of decedent's duties; and in *Platt,* the hearsay was as to the very nature of the work. (*Matter of Ptaszynski* v. *American Sugar Refining Co.,* 305 N. Y. 833, 834, affg. 280 App. Div. 905; *Matter of Cholet* v. *Macy & Co.,* 285 App. Div. 1095; *Matter of Ohriner* v. *Jamaica Wet Wash Laundry Co.,* 5 A D 2d 901; *Matter of Platt* v. *Lee Dyeing Co. of Johnstown,* 9 A D 2d 799.) Decision and award unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.