■ In the Matter of the Claim of VERA HIMOVITCH, Respondent, v. CHIAET ORNAMENTAL IRON WORKS et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent. — TAYLOR, J. An employer and its insurance carrier appeal from a decision of the Workmen's Compensation Board and an award of death benefits. Deceased was employed as a construction superintendent whose duties required visits to several sites upon which buildings ranging in height from 6 to 20 stories were in the process of construction by the employer. Upon his arrival at his home about 6:00 P.M. on July 26, 1962 deceased told his wife that he had had "a very hard day." She observed that he "couldn't get his breath." Eschewing his evening meal, deceased retired

early and upon arising on the following morning announced that "he was sick", a condition which she also said she noted. Thereafter while breakfasting in a nearby restaurant, according to a companion's testimony "he like almost fainted", was thereupon taken to his home and later hospitalized. Death occurred in the evening of the same day, the hospital chart recording its cause as "acute myocardial infarction." It appears that deceased had suffered a heart attack in 1959. In questions propounded to medical experts that parties assumed that the deceased was afflicted with pre-existing arteriosclerotic heart disease. Excessive effort expended in the stair-climbing activity was found to be the causative factor which precipitated the death. There was testimony by the breakfast companion that he had been told by deceased that on the day preceding "he had to walk up 20 some odd flights of steps, of stairs, to see that the job was going the way it was supposed to and to talk to the foreman on the job." This statement was, of course, hearsay. The problem is whether it is so "corroborated by circumstances or other evidence" (Workmen's Compensation Law, § 118) as to be sufficient to establish the accident. There was direct evidence by the employer's bookkeeper that in July, 1962 there were buildings of the height of 20 stories which he would be likely to visit in the course of his work. The record also contains a stipulation by the carrier that a witness, if called to testify by claimant, would state that deceased "had occasion to climb stairs" on the day preceding his death. In several decisions we have held independent proof such as is disclosed by this record to be sufficient corroboration of the hearsay evidence of accident. (*Matter of Rambold* v. *Whitney*, 4 A D 2d 906, mot. for lv. to app. den. 4 N Y 2d 673; *Matter of Aaron* v. *Burnham & Co.*, 8 A D 2d 891, mot. for lv. to app. den. 7 N Y 2d 705; *Matter of O'Brien* v. *Long Is. State Parkway Comm.*, 13 A D 2d 855, mot. for lv. to app. den. 10 N Y 2d 705; *Matter of Raskind* v. *Speed Print. Co.*, 15 A D 2d 975.) We find no lack of substantiality in the medical evidence of causation which the board accepted. Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Aulisi and Hamm, JJ., concur.