■ In the Matter of the Claim of ETTA GUGGENHEIM, Respondent, v. C. HEDKE & COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— COOKE, J. Appeal from a decision of the Workmen's Compensation Board awarding death benefits. The sole question presented is whether the employee was on a business trip at the time he received the injuries resulting in his death, that is, whether his injuries arose out of and in the course of employment. More precisely, the issue is whether the considerable body of hearsay proof of decedent's declarations regarding the nature and purpose of his trip was corroborated sufficiently by " circumstances or other evidence " so as to establish a compensable accident under section 118 of the Workmen's Compensation Law. Decedent Edward Guggenheim was the manager of C. Hedke & Company's textile department operating out of a sales office and showroom in New York City, running it like his own business, determining where to go and to whom to sell and accountable to his employer solely for results. He traveled generally on business by plane or car, the employer providing a car used in the business and paying its expenses for his use. Having been unable to obtain plane passage because of heavy fog, it is undisputed that early on June 15, 1960 Guggenheim left his home in New York with Dr. and Mrs. Pazner, his wife's

distant relatives, and set out for Washington in the company owned car. While on the New Jersey Turnpike, the vehicle was involved in a collision, the employee suffered a fractured skull and never fully regained consciousness in the 10 days of survival. The widow testified that decedent told her that he was making the journey because of a $25,000 stock of merchandise which he desired to sell, that he had the addresses of two customers in Washington who had given him cards at an exhibition and had told him that they would be interested in his merchandise. A son-in-law related that deceased stated that he would like to make a business trip to Washington and neighboring states because he had merchandise that was not moving, that he wanted to visit additional customers and people whom he knew could use the commodities and that originally he was planning to fly but decided when it was foggy to leave by car early in the morning. Dr. Pazner swore that the employee told him he was going to visit customers in Washington and vicinity and that he did not know how long he would be busy with them. Besides the use of the employer's automobile on the expedition, there was also direct and independent evidence that decedent had samples of merchandise and a sample case with him on the trip. The employer's Report of Injury form, commonly referred to as a C-2, filed with the board on August 22, 1960, after referring to the Turnpike collision, responded "travelling on business" to the question "What was employee doing when accident occurred?" This report, made after an adequate opportunity for investigation and reflection, contained said considered admission, which may, in addition to the circumstantial evidence adduced, be regarded as further corroboration of decedent's hearsay declarations (*Matter of Laine* v. *Rula Corp.,* 24 A D 2d 675, 676; *Matter of Toro* v. *1700 First Ave. Corp.,* 16 A D 2d 852, affd. 12 N Y 2d 1001; *Matter of Webster* v. *Mason,* 13 A D 2d 355, 358), as well as some evidence of the purpose of the trip (*Matter of Kleid* v. *Carr Bros.,* 300 N. Y. 270, 272; *Matter of Bollard* v. *Engel,* 278 N. Y. 463, 466). All this constitutes sufficient corroboration of the hearsay statements, the statutory corroboration required being not as technical as that at common law, since it may be by "circumstances or other evidence" (Workmen's Compensation Law, § 118; *Matter of Jones* v. *Chicago Pneumatic Tool Co.,* 9 A D 2d 804). Even if it be assumed that decedent also planned to engage in sightseeing with the Pazners while in the District of Columbia, the rule is well settled that, if a business motive is a concurrent cause of the trip, it comes within the course of employment (*Matter of Mahoney* v. *Stern & Co.,* 9 N Y 2d 931, revg. 9 A D 2d 843; *Matter of Connor* v. *A. M. F. Pinspotters,* 24 A D 2d 815, 816–817; *Matter of Sullivan* v. *L'Heureux,* 18 A D 2d 1116; *Matter of Skinner* v. *Tobin Packing Co. Albany Packing Div.,* 17 A D 2d 999). Questions of credibility were, of course, strictly within the province of the board (*Matter of Hornburg* v. *Alleghany County Dept. of Public Welfare,* 29 A D 2d 1031; *Matter of Naples* v. *Viandvende Corp.,* 27 A D 2d 772; *Matter of Blaine* v. *Big Four Inds.,* 17 A D 2d 881) and, despite how incredible the testimony submitted by claimant might be to another trier of the facts, this board sought to accept same (*Matter of Thompson* v. *Tomivill Cleaners,* 30 A D 2d 1008). The determination was factual and we cannot say as a matter of law that the board erred (*Matter of Mansfield* v. *General Adjustment Bur.,* 27 A D 2d 783, affd. 20 N Y 2d 881; *Matter of Durkee* v. *Atlantic Refining Co.,* 27 A D 2d 773). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Cooke and Greenblott, JJ., concur in memorandum by Cooke, J. Reynolds, J., dissents and votes to reverse and dismiss in the following memorandum: REYNOLDS, J. (dissenting). I can find no substantial evidence in the instant record to support the board's finding that decedent's trip was in any way business motivated. In fact, all of the probative evidence supports

only the conclusion that the decedent was taking the Pazners to Washington to see the sights, admittedly a purely personal pursuit. The testimony of the widow, the son-in-law, Klugman, and the Pazners as to the business nature of the trip was concededly in each instance the result of hearsay declarations made to them by the decedent. While admissible, such evidence will support an award only if corroborated by " circumstances or other evidence " (*Matter of Ptaszynski* v. *American Sugar Refining Co.*, 280 App. Div. 905, affd. 305 N. Y. 833; Workmen's Compensation Law, § 118). Moreover, the testimony of these witnesses presents such a contradictory story of the preparation and timing of the trip as to render the hearsay evidence even more suspect, to say the least, than is generally the case (*Matter of Comstock* v. *Goetz Oil Corp.*, 286 App. Div. 132). Of course, hearsay declarations testified to by a witness are not corroborated by the fact that the same or similar declarations were made to, and reiterated by, another witness (*Matter of Comstock* v. *Goetz Oil Co.*, 11 A D 2d 847; *Matter of Platt* v. *Lee Dyeing Co.*, 9 A D 2d 799; *Matter of Keller* v. *Montgomery Ward & Co.*, 2 A D 2d 402). There must be other competent evidence showing facts or circumstances having a natural and real tendency to corroborate and independently cause the mind to turn in the direction taken by the hearsay (*Matter of Comstock* v. *Goetz Oil Co.*, 286 App. Div. 132, *supra*). No such competent evidence exists in the present record. The fact that decedent was using the employer's automobile provides absolutely no corroboration whatsoever. Nor does the alleged " independent evidence that decedent had samples of merchandise and a sample case with him on the trip." Initially, even if samples were taken it would hardly corroborate the claim as claimant testified that decedent always had samples or bags of samples with him. But in addition there is no substantial evidence that any samples were actually taken by the decedent on the trip. The testimony regarding samples was largely based on hearsay. Klugman testified that he knew samples were taken because decedent told him so. Claimant gave similar testimony and also testified that she saw a broken and bloodied sample case after the accident. However, her testimony was so contradictory and incredible as to have no probative value. She said she saw the bag on the floor of the hospital where her husband died, but that it had not been given her by the people at the hospital. Though the bag was not there the first few days of her husband's 10-day stay, she said it must have been brought there with her husband. She then testified that she did not see the bag until " They pointed to the cupboard where my husband's things were when he died." She was not sure whether the cupboard had a door on it nor did she recall whether the bag was inside or outside the cupboard and, in any event, she did not look inside the cupboard nor did she look inside the bag. Her testimony then became still more confused and it is not clear whether she was referring to the suitcase containing Mr. Guggenheim's clothes or to the sample case. And while Mr. Hedke, the employer, testified that both the claimant and Klugman said they had a sample case and promised to return it, they failed to do so even after repeated requests. Finally, the only impartial witness, Trooper Theruir, testified that part of his duties entailed clearing the scene of the accident of debris and protecting and returning any personal effects found at the scene and that he never saw any bag or case except that containing personal items of decedent. Nor is the Employer's Report of Injury, form C-2, sufficient, in this case, to provide the required corroboration. Clearly, there is no universal rule as to the weight to be given to "admissions " made by an employer in utilizing these required forms. While under special circumstances we have treated such admissions as significant, we have also classed such statements as a " thin reed of constructive admission which has little evidentiary depth " (*Matter of Walker* v. *Great Lakes Motor Corp.*, 3 A D 2d 60, 62), and have noted that

"we do not regard such reports as constituting very strong evidence" (*Matter of Hoffman* v. *Grain Handling Co.*, 7 A D 2d 675, 676, mot. for lv. to app. den. 5 N Y 2d 709). Crucial factors would appear to be the explanation, or failure thereof, given by the employer to the admissions involved (*Matter of Webster* v. *Mason*, 13 A D 2d 355; see also *Matter of Estock* v. *250 West Props.*, 26 A D 2d 847; *Matter of Hoffman* v. *Grain Handling Co., supra*), and whether or not the statements provided detailed facts and were given long enough after the accident that they evidenced investigation and consideration of the events by the employer (*Matter of Vickers* v. *Bryant Park Bldg.*, 16 A D 2d 714; *Matter of Smith* v. *Venezian Lamp Co.*, 5 A D 2d 12; *Matter of Scott* v. *Schaefer & Sons*, 3 A D 2d 775; *Matter of Walker* v. *Great Lakes Motor Corp., supra*). Here the employer testified that he never had actual knowledge of the trip or its purpose and that all details regarding the accident were acquired from decedent's family who, as already demonstrated, themselves possessed only hearsay information. The employer was unable to complete the C-2 and whether at his request or Klugman's, it was necessary to forward it to the family to attempt to obtain the information needed to provide an answer to the question posed on the official form. Given this explanation of the origin of the information in the form and whereas here there are no other circumstances or other evidence corroborating the decedent's hearsay and the accident did not occur at a place where the employee's duties normally required him to go nor did the nature of the accident and/or injury itself provide any basis for corroboration, I can find no corroboration and, accordingly, vote for reversal and dismissal of the claim.