In the Matter of the Claim of SADIE ROSEN, Respondent, v. ROSE HOUSEWARES, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— STALEY, JR., J. Appeal by the employer and its insurance carrier from a decision of the Workmen's Compensation Board, filed April 11, 1969. The decedent, Sam Rosen, was employed as an officer, salesman and buyer by the employer herein, a family owned corporation dealing in housewares. The employer rented two cars, one for decedent and the other for his brother Abraham. These cars were used for company business as well as for private use, and were also used during working hours by other employees to make deliveries. On April 27, 1967 decedent was proceeding in a westerly direction on Grand Central Parkway when he lost control of his car which mounted the north curb, struck a light pole and then struck a concrete abutment. He died on the same day. Claimant, decedent's widow, testified that the night before the accident decedent told her that he was going to do some buying in the morning and would not be in the store until afternoon. Decedent's brother testified that most of the buying was done from salesmen who came to the store, at trade shows, from jobbers and manufacturers; that they dealt with 50 to 60 sellers in the New York City area; that merchandise was always needed; that occasionally decedent had gone out to buy in the morning; that, if his brother was on a buying trip in the morning, he would know about it; that he did not recollect being told that his brother was going on a buying trip on the morning of the accident. He further testified that he was never on good terms with his brother's widow. A former employee testified that during the 25 years that he was employed by the Rosen firms, decedent did most of the buying; that the buying was not done at any particular time; that he did not know of any consultation had by decedent prior to going out to buy; that it was necessary for decedent to go out to the jobbers to see the merchandise; and that decedent was more the outside man than his brother Abraham, since he bought linoleum only whereas decedent bought house furnishings. The autopsy performed on decedent revealed the cause of death to be a massive hemorrhage from a ruptured atherosclerotic abdominal aortic aneurysm. Conflicting medical testimony was introduced as to whether the ruptured aneurysm caused the accident, or the accident caused the rupture of the aneurysm. The board found that the accidental injury arose out of and in the course of employment; that the accident caused a rupture of an aneurysm; and that the death was causally related to the accident. Appellants contend that the board's decision that the accident arose out of and in the course of employment is based upon the uncorroborated hearsay testimony of the claimant widow, and that section 118 of the Workmen's Compensation Law requires corroboration; that the accident did not arise out of or in the course of decedent's employment; and that the finding of causally related death is not supported by substantial

evidence. Although section 118 requires corroboration of hearsay declarations of a decedent, direct proof is not required. The decisive question is whether there is corroboration by "circumstances or other evidence". Proof of the duties, nature or circumstances of the work performed by decedent may constitute sufficient corroboration. (*Matter of Aaron* v. *Burnham & Co.*, 8 A D 2d 891, mot. for lv. to app. den. 7 N Y 2d 705; *Matter of Guggenheim* v. *Hedke & Co.*, 32 A D 2d 1017; *Matter of Raskind* v. *Speed Print. Co.*, 15 A D 2d 975.) Here, the testimony establishes that decedent was a buyer for the employer, and was so engaged at the time of the accident. The conflict in the testimony as to the frequency of outside buying and as to whether consultations were always had with the brother prior to going out to buy, resolves into a question of credibility which is exclusively within the province of the board. (*Matter of Luftig* v. *Stevenson Pie Co.*, 23 A D 2d 920, affd. 18 N Y 2d 734.) While there is a difference in medical opinion as to the cause of death, the board was not bound to accept the testimony of appellants' expert medical witness. The selection, in the case of conflicting medical opinions "is an exercise of fact-finding power which is entirely within the province of the Board and outside the limited jurisdiction of this court." (*Matter of Palermo* v. *Gallucci & Sons*, 5 N Y 2d 529, 532.) The testimony of the expert medical witnesses was sufficient to create an issue of fact and to warrant a finding for or against causal relation. The issues of employment at the time of the accident and the cause of death having been determined upon substantial evidence by the board, we may not disturb its findings. Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Staley, Jr., J.