■    In the Matter of the Claim of ROSLYN LEADER, Respondent, v HOLLAND FARMS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeals from decisions of the Workmen's Compensation Board, filed August 30, 1973 and March 20, 1974. Decedent, a milk delivery man, was required to be at work each morning at five o'clock to pick up his preloaded delivery truck. On May 7, 1971 at about 5:15 A.M. he was observed at work, obviously ill, suffering from chest pains and requested transportation to a hospital. Immediately after arriving at the hospital, he told his wife that in the course of rearranging cases of milk in his truck, one case slipped and as he attempted to catch it, he felt severe pain in his left arm which was then followed by other symptoms of a heart attack. On May 10, 1971 he completed a claim form for a private health and accident insurance company in which he described the same circumstances preceding his first symptoms while at work. He died in the hospital on May 19, 1971 following another attack. A medical witness testifying on behalf of claimant on the basis of this evidence related decedent's death to the work effort. The question presented is whether there is substantial evidentiary support for the board's finding of causal relation of this accident to decedent's employment. There was contradictory evidence in the record, but this could be rejected by the board on the basis of credibility (Matter of Guggenheim v Hedke & Co., 32 AD2d 1017). Appellants argue that there is a lack of corroboration of decedent's version of events as required by section 118 of the Workmen's Compensation Law. We disagree. In our view there is sufficient other evidence and circumstances to provide the necessary corroboration (Matter of Roberts v Yellow Cab of Watertown, 35 AD2d 1044). Decision affirmed, with costs to the Workmen's Compensation Board. Herlihy, P. J., Sweeney, Kane, Larkin and Reynolds, JJ., concur.