█  In the Matter of the Claim of FLORENCE NICKELS, Respondent, v L. J. THORNTON, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed March 7, 1974. Appellants appeal from a decision of the board which determined that the decedent's death resulted from a compensable industrial accident. The employer, a construction contractor, was engaged in the installation of guardrails and bridge pillars along the New York State Thruway. Cylindrical tubes of steel 18 and 24 feet long composed the guardrails, each weighing respectively 150 and 190 pounds. Concrete "anchors" were set up with the aid of a crane and weighed about 500 pounds each. The decedent was hired in April of 1969 and was subsequently made acting foreman of the crew. After completing his work on June 9, 1969, decedent told his wife that he had a "pain in his chest" and that he had experienced a similar pain earlier in the day while in the course of his employment and while lifting 500 pound weights which she recalled were described by him as something like "pipes", "guardrails" or "posts". Claimant testified that the decedent told her that those objects were ordinarily lifted with a crane but since the crane was unavailable at the worksite on that date, the decedent and a coworker proceeded to lift them by hand. The next day the decedent repeated this history to his doctor and was admitted to the hospital where he died on June 21, 1969. Appellants contend that the sole evidence in the case consists of the above-stated statements to his widow and doctor. Appellants thus argue that there is a lack of corroboration of decedent's version of events as required by section 118 of the Workmen's Compensation Law. We disagree. In our view there is sufficient other evidence and circumstances to provide the necessary corroboration. "The statutory corroboration required is not as technical as that at common law; it may be by 'circumstances or other evidence' " *(Matter of Jones v Chicago Pneumatic Tool Co.,* 9 AD2d 804; *Matter of Guggenheim v Hedke & Co.,* 32 AD2d 1017, affd 27 NY2d 596). We have held that proof of the duties together with the nature and circumstances of the work performed by the decedent may constitute sufficient corroboration *(Matter of Rosen v Rose Housewares,* 34 AD2d 719). It has also been ruled that the prescribed corroboration may be met by proof of the decedent's prior good health, of his appearance at the end of the workday and of the nature of his employment tasks *(Matter of Leader v Holland Farms,* 50 AD2d 1051; *Matter of Himovitch v Chiaet Ornamental Iron Works,* 24 AD2d 799, mot for lv to app den 17 NY2d 418; *Matter of Rambold v Whitney,* 4 AD2d 906, mot for lv to app den 4 NY2d 673; *Matter of Keller v Montgomery Ward & Co.,* 2 AD2d 402). Applying these rules, we find that in corroboration of decedent's declarations, there were the undisputed circumstances that he had enjoyed good health prior to the heavy lifting incident of June 9, 1969 and had never complained of or been treated for cardiac symptoms. Evidence showed that he did not appear ill when he left for work on the morning of June 9, but his appearance and demeanor after he finished his day's work reflected an acutely ill person. Further corroboration is found in the nature of decedent's

duties and of his employment environment. Decision affirmed, with costs to the Workmen's Compensation Board. Koreman, P. J., Greenblott, Main, Herlihy and Reynolds, JJ., concur.