■ In the Matter of the Claim of HANSA GOLDSTONE, Respondent, v NEW YORK STATE DEPARTMENT OF MOTOR VEHICLES et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.—Appeal from a decision of the Workmen's Compensation Board, filed December 5, 1975, which awarded compensation death benefits to decedent's widow. Decedent, a 64-year-old license clerk in the New York State Motor Vehicle Bureau in New York City, returned home from work on September 30, 1969 complaining that he felt ill. He was hospitalized that same evening and on October 9, 1969 died as the result of a myocardial infarction. Decedent's widow's claim for death benefits was controverted by the employer's carrier on the issues of accidental injury and causally related death. The board affirmed the referee's decision and award of death benefits. This appeal ensued. Decedent's clerical duties required him to work behind a counter reviewing automobile registrations and renewals. September 30, 1969, being the last day of the month, was characterized by the testimony of numerous coemployees as being unusually heavy, with long lines of demanding, unruly and irritable applicants. Decedent's widow testified that her husband complained that the day was distressing and that he had been physically threatened by one individ-

ual. Appellants contend that the board erred in crediting the testimony of decedent's widow in the absence of corroborating proof required by section 118 of the Workmen's Compensation Law. It is well established that the statutory corroboration required is not as technical as that at common law and may consist of circumstances or other evidence (Matter of Guggenheim v Hedke & Co., 32 AD2d 1017; Matter of Jones v Chicago Pneumatic Tool Co., 9 AD2d 804). Proof of the duties, nature and circumstances of the work performed by decedent may constitute sufficient corroboration (Matter of Rosen v Rose Hardwares, 34 AD2d 719). Herein, there was more than sufficient proof of the heavy burden of business on September 30, together with unruliness of applicants, to satisfy the requisite statutory corroboration. Next, this same proof established that the emotional stress and strain to which decedent was subjected was outside the regular routine of his clerical job and exceeded ordinary stress and strain to a degree that it went beyond a transient emotional experience and, in fact, constituted an industrial accident (Matter of Schuren v Wolfson, 30 NY2d 90; Matter of McKane v Edson Structures, 43 AD2d 663; Matter of Tilney v Harrison & Abramowitz, 42 AD2d 1049). Since two doctors gave as their view that the emotional stress, strain, and tension endured by decedent on September 30, 1969 were the causative factors of decedent's fatal heart attack, we cannot say there is an absence of substantial evidence in the record to support the board's finding of causal relationship. Decision affirmed, with costs to the Workmen's Compensation Board against the employer and its insurance carrier. Koreman, P. J., Greenblott, Sweeney, Mahoney and Herlihy, JJ., concur.