■ In the Matter of the Claim of GLORIA LUCAS, Respondent, v PETER KIEWIT SONS Co., Appellant. WORKERS' COMPENSATION BOARD, Respondent.— Appeal from decisions of the Workers' Compensation Board, filed April 28, 1978 and September 22, 1978, holding that decedent Stanley Lucas sustained a compensable injury resulting in his death from generalized pancreatitis, secondary to a ruptured abscess of his pancreas. Decedent worked for the employer as an electrician. During the night of January 22 to 23, 1975, he was working on a sewer construction in a tunnel "14 feet around" pulling and shoving a "440 cable" on a reel 64 inches each time, and, while standing on a ladder, putting plastic wraps around the cable. About 5:00 A.M. on January 23, 1975 he was found lying on the ground by a co-worker, James Burns. The ladder was lying on its side. His co-workers took him home where he complained to his wife that he had pain in his side, and that he had hurt himself on a plank. She also observed a bruise on his right side. On January 27, 1975, decedent was found dead in bed. The autopsy revealed the cause of death to be "Contusion of the head of the pancreas with secondary abscess and pancreatic peritoneal fistula with generalized purulent peritonitis; history of injury while at work". Coworker Burns testified that he found decedent lying down on his back; the ladder was lying on the side; and that decedent was pushing himself off the rail on to the "cross of steel". The board could reasonably infer that the decedent had accidentally fallen down five feet and hit his right side on the "cross of steel" described by the witness. Declarations by a deceased employee concerning the accident shall, if corroborated by circumstances or other evidence, be sufficient to establish the accident and the injury (Workers' Compensation Law, § 118; *Matter of Nickels v L. J. Thornton, Inc.,* 53 AD2d 718; *Matter of Leader v Holland Farms,* 50 AD2d 1051). There is substantial evidentiary support for the board's finding of causal relation of the accident to decedent's employment. Dr. Seymour Cutler testified and reported that a contusion on the head of the pancreas, which had undergone abscess formation which had penetrated into the peritoneal cavity causing acute generalized peritonitis, was responsible for decedent's death, and that death resulted from the injury to the right side of the abdomen while at work. Dr. Lester M. Fox reported and testified that, in his opinion, the cause of death was generalized peritonitis directly related to the alleged injury of January 23, 1975,

and the death on January 27, 1975 was directly related to the alleged injury of January 23, 1975. The board's finding that based "on Dr. Cutler's testimony, as well as the testimony of Mr. Burns and Gloria Lucas that claimant sustained an accident arising out of and in the course of employment which resulted in causally related death" is supported by substantial evidence, and should be affirmed. Decisions affirmed, with costs to the Workers' Compensation Board against the employer. Greenblott, J. P., Sweeney, Staley, Jr., Main and Herlihy, JJ., concur.